# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2394 | **DATE** | 7/24/2002 |
| **CASE TITLE** | Marinich vs. People Gas Light and Coke | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter memorandum opinion and order. The Court grants Peoples Gas's Bill of Cost in the amount of $2048.55.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 3 0 2002 date docketed | |
| | Notified counsel by telephone. | | | 76 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | JUL 3 0 2002 date mailed notice | |
| JD | courtroom deputy's initials | 02 JUL 26 PM 3:47 | mailing deputy initials | |

Date/time received in central Clerk's Office

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEANETTE MARINICH, )
)
    Plaintiff, )
)
v. ) 98 CV 2394
) Judge George M. Marovich
PEOPLES GAS LIGHT AND COKE )
COMPANY, an Illinois corporation, )
)
    Defendant. )

MEMORANDUM OPINION AND ORDER   JUL 30 2002

The Court granted summary judgment on October 17, 2001 and judgment was entered and docketed on October 22, 2001 in favor of Defendant, Peoples Gas Light and Coke Company ("Peoples Gas") and against Plaintiff, Jeanette Marinich ("Marinich"). Pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P.54(d)(1), and Local Rule 45, Peoples Gas filed a Bill of Costs of $2,134.50 to be paid by Marinich.[1] Marinich has objected to amount petitioned for in the Bill of Costs. For the reasons set forth below, the Court grants Peoples Gas's Bill of Costs in the amount of $2,048.55.

DISCUSSION

I. INDIGENCY

First, Marinich argues that she is indigent and therefore, she should not be forced to incur these expenses. "Costs, other

---

[1] Originally Peoples Gas had petitioned for $2,894.50. But in a later pleading, it dropped the original request to $2,134.50.

than attorney's fees, shall be allowed as of course to the prevailing party unless the court otherwise directs." 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1). There is a strong presumption in favor of awarding costs to the prevailing party and it is necessary for the losing party to overcome that presumption. McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994). The losing party must provide specific evidence, not merely limited financial resources, establishing such indigency before the Court may exercise its discretion to deny costs. Corder v. Lucent Tech. Inc., 162 F.3d 924, 929 (7th Cir. 1998)(citing McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994)); Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir. 1983); Falcon v. City of Chicago, No. 98 C 4028, 2000 WL 1231403, at *1 (N.D. Ill. March 9, 2000).

Marinich, in an attempt to demonstrate indigency, asserts that she has been unemployed since her termination by Peoples Gas in July 1997 and as a result of this termination, she is arguing that she is forced to live with her mother and sister. Marinich strongly relies on the case of Cross v. Roadway Express, No. 93 C 2584, 1994 WL 592168, at *1 (N.D. Ill. Oct. 26, 1994) to establish that limited financial means, coupled with present and likely future unemployment, could result in a court waiving the cost incurred by bringing a lawsuit. However, in that case, the plaintiff met his burden of showing the court that he was unable to find employment by providing an uncontroverted affidavit

2

stating that he was "under a doctor's care for severe anxiety and depression". Id. As a result of this condition, he was required to take extensive medication, which prevented him from pursuing his former occupation as a truck driver. Id.

Whereas, in the present case, Marinich admitted in her deposition that she has been living with her mother and sister for the past 39 years. (Marinich Dep. at 4). Also, Marinich has provided the Court with no evidence that she actually searched for and was unable to obtain employment. First Amended Compl. ¶ 13. Therefore, it appears to the Court that she has chosen both to remain unemployed and to continue to live with her mother and sister.

Additionally, the facts in this case reveal that Marinich has a 401(K) with funds of $13,000. She claims that she cannot access the monies from her 401(K) until she turns 59 ½ years old (eight more years). However, Peoples Gas points to page 19 of Marinich's benefits handbook which states: "If you leave the company before age 55 for any reason other than retirement, total disability, or death, your employee account balance may be withdrawn upon application." Hence, Marinich does have access to this money.

The Court, in exercising its discretion, finds that Marinich has not adequately proven that she cannot afford to pay the costs incurred in connection with the lawsuit initiated by her. Marinich will not be "shielded from the costs [she] forced the

[Peoples Gas] to incur" based upon the fact that she has limited financial resources. McGill, 18 F.3d at 460. Instead, Marinich should have "considered the relative merits of [her] lawsuit against the pain an unsuccessful suit might inflict on [her] pocketbook." Id. Therefore, Marinich's indigency argument is rejected.

II. EXPEDITED TRANSCRIPT CHARGES

Next, while Marinich does not contest the cost for delivery of deposition transcripts, she does object to the fact that these transcripts were expedited. Marinich asserts that it was not reasonable or necessary for the deposition transcripts to be expedited, but instead, it was for Peoples Gas's convenience. On the other hand, Peoples Gas argues that the expedited delivery of the deposition transcripts from August 10, 1999 and August 26, 1999 was not frivolous but rather was reasonable and necessary in order to prepare witnesses for upcoming scheduled depositions scheduled between August 10, 1999 and August 31, 1999 and to prepare its Motion for Summary Judgment scheduled to be filed by September 30, 1999.

A prevailing party may recover its costs for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "To award costs, however, the transcripts need not be indispensable, but only reasonably necessary." Alsaras v. Dominick's Finer Foods, No. 99 C 4426, 2001 WL 1117275, at *1 (N.D. Ill. Sept. 19, 2001) (citing Barber v. Ruth, 7 F.3d 636,

4

645 (7th Cir. 1993)). "Where an award of deposition costs is appropriate, the Judicial Conference has established $3 as the rate per page for an original transcript, $4 per page for each expedited transcript, and $0.75 per page for the first copy." Id. (citing Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 456 (7th Cir. 1998)). As with regular transcript costs, a defendant is entitled to the $4 per page rate for expedited transcripts if it makes an adequate showing that the expedited copies were "reasonable and necessary". Id. at *2. Based upon the aforementioned information the Court finds that Peoples Gas made an adequate showing that the expedited transcripts were reasonable and necessary. Peoples Gas demonstrated that it needed the expedited transcripts in order to prepare their witnesses for their own depositions which were within the specified time frame surrounding the two deposition dates in question. Therefore, the delivery cost of the deposition transcripts remain at $4 per page, totaling $1,790.70.

III. COPYING CHARGES

Lastly, although both parties no longer disagree about how many copies were made for the purposes of 28 U.S.C. § 1920, Marinich does object to Peoples Gas's charging $0.20 per page instead of $0.15 per page for in-house copying on the basis that it is excessive. "Copying costs 'necessarily obtained for use in the case' are recoverable under 28 U.S.C. § 1920(4).'" Alsaras, 2001 WL 1117275, at *2. The Court has discretion "to decide

5

whether and to what extent to award costs pursuant to 29 U.S.C. § 1920." Allscrips Pharmaceuticals, Inc. v. Hazuka, No. 96 C 1821, 1999 WL 1110062, at *1 (N.D. Ill. June 10, 1998). The party must show that the costs are not justified in order to avoid paying costs. Id. at *3. Courts in this district conflict as to the appropriate copying rate. However, this Court is in agreement that $0.15 per page is the reasonable amount for in-house copying. See Mulligan v. City of Chicago, No. 93 C 2422, 1999 WL 311691, at *4 (N.D. Ill. May 13, 1999); Allscrips Pharmaceuticals, 1999 WL 1110062, at *3; American Automotive Accessories, Inc. v. Fisherman, 991 F. Supp. 995 (N.D. Ill. 1998) (citing Lever v. Northwestern Univ., No. 84 C 11025, 1993 WL 257477, at *3 (N.D. Ill. July 8, 1993)). Therefore, the Court finds that $0.20 per page for in-house copying is excessive and lowers this amount to $0.15 per page. The new total for all agreed copies is now $257.85 (1719 copies @ $0.15 per page), instead of $343.80 (1719 copies @ $0.20 per page).

## CONCLUSION

For the reasons set forth above, the Court grants Peoples Gas's Bill of Costs in the amount of $2,048.55.

ENTER:

George M. Marovich
United States District Judge

DATED: July 24, 2002